NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

WILNER VAL SAINT,               )
                                )
        Petitioner,             )        Civil Action No. 6: 05-531-DCR
                                )
V.                              )
                                )
D. STINE, Warden,               )        **MEMORANDUM OPINION**
                                )           **AND ORDER**
        Respondent.             )

**         **         **         **         **

*Pro Se* Petitioner Wilner Val Saint is incarcerated at the United States Prison-McCreary in Pine Knot, Kentucky.  He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee.  The matter is before the Court for screening.  28 U.S.C. §2243;  *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

A *pro se* petition is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2)

-1-

permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## BACKGROUND

Val Saint asserts that he was convicted by a jury on June 18, 1990, of possession of cocaine with intent to distribute and of conspiracy to possess cocaine with intent to distribute under 21 U.S.C. §841(a)(1) and § 846. A detailed history of the events leading up to his arrest, trial, and conviction is set forth in the appellate briefs in Petitioner's direct appeal. *See Val Saint v. United States*, 1995 WL 17145270 (October 23, 1995), and *Val Saint v. United States*, 1996 WL 33577719 (January 2, 1996). The Petitioner was sentenced to a term of life in prison. *United States v. Wilner Van Saint*, 89-CR-1018, Northen District of Florida. Val Saint asserts that, prior to trial, his attorney filed a motion to suppress certain evidence as the fruit of an illegal search, but that motion was denied following a hearing.

Petitioner asserts that his direct appeal to the Eleventh Circuit was denied in 1990 when his counsel failed to comply with certain orders from the appellate court. Specifically, he alleges that his attorney suffered from a drug addiction and had been disbarred by the courts of Florida and, as a result, failed to timely perfect his appeal. Petitioner alleges that he moved to reinstate his appeal in 1994, and that this request granted by the Eleventh Circuit.

Represented by appointed counsel, the Petitioner pressed four arguments on direct appeal: (1) that the trial court's refusal to suppress certain evidence was prejudicial error; (2) that the prosecutor made improper and prejudicial statements during his closing

arguments; (3) that during trial the prosecutor asked improper and irrelevant questions; and (4) that the trial court improperly applied the sentencing guidelines in determining the amount of cocaine and Petitioner's alleged leadership of a criminal enterprise. The Eleventh Circuit rejected these arguments and affirmed his conviction on direct appeal on July 15, 1996. *United States v. Saint*, 92 F.3d 1198 (11th Cir. 1996) (unpublished).

The Petitioner filed his first Section 2255 motion on September 16, 1997, in the trial court, alleging that his defense counsel was impaired during his criminal trial and rendered ineffective assistance of counsel. He also claimed his due process rights were violated. The district court denied relief on August 24, 2000. *Val Saint v. United States*, 97-00083-CV-MMP, Northern District of Florida. The Eleventh Circuit subsequently denied his request for a certificate of appealability on April 27, 2001. The Supreme Court of the United States denied his petition for a writ of certiorari on October 4, 2001. *Val Saint v. United States*, 254 F.3d 75 (11th Cir.) (table), *cert. denied*, 534 U.S. 928 (2001).

Although he does not disclose it in his petition, Petitioner filed a Section 2241 petition in the Northern District of Florida on November 5, 2002, attacking his conviction on a number of grounds. In that petition, Petitioner asserted ten different reasons that the writ should issue, including that his conviction violated the Double Jeopardy Clause; that the federal court lacked "jurisdiction"; that the indictment was somehow unlawfully "amended"; and that the jury instructions were "altered" by the trial court. The district court adopted a magistrate judge's report and recommendation and dismissed the petition as being without merit. *Val Saint v. Mark Henry*, 02-CV-141, Northern District of Florida.

Val Saint then filed a motion to file a second or successive Section 2255 motion with the Eleventh Circuit raising *Booker* grounds on February 7, 2005.  The court of appeals denied that request on February 23, 2005.  *In re Wilna* [sic] *val Saint*, 05-10614, Court of Appeals for the Eleventh Circuit.

## **DISCUSSION**

In his present Section 2241 petition, Val Saint asserts that his counsel, at trial and/or on direct appeal, rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to assert that:

1.    the trial court's allowance of testimony by co-conspirator Mike McCray regarding out-of-court statements made by unavailable declarant Bernice Richardson denied Petitioner his Sixth Amendment right to confront witnesses against him under *Crawford v. Washington*, 541 U.S. 36 (2004);

2.    the evidence failed to establish that Petitioner intended to participate in a conspiracy to distribute cocaine, and hence was insufficient to support his conviction therefor;

3.    after the State of Florida's prosecution against Petitioner was voluntarily dismissed after certain evidence was suppressed as having been obtained in violation of Petitioner's rights under the Fourth Amendment under *Terry v. Ohio*, 391 U.S. 1 (1968), the subsequent federal prosecution against Petitioner was an impermissible "sham" prosecution barred under *Bartkus v. Illinois*, 359 U.S. 121 (1959); and

4.    the United States failed to demonstrate the amount of cocaine exceeded 50 grams beyond a reasonable doubt as required under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

As a threshold matter, Val Saint asserts, as he must, that his remedy under Section 2255 is "inadequate and ineffective" to challenge the validity of his conviction and,

therefore, that he may file a habeas corpus petition under Section 2241 to do so.  He also asserts that he is "actually innocent" of the crimes of which he has been convicted.

Ordinarily, 28 U.S.C. §2241 maya be used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).  However, under certain circumstances prisoners may invoke the "savings clause" contained within the fifth paragraph of 28 U.S.C. §2255 to press challenges to their criminal convictions under Section 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255, ¶5.  Because each of the claims Petitioner asserts here have either been presented and rejected on direct appeal or collateral attack or have not been presented before, Petitioner must demonstrate that his remedy under Section 2255 is inadequate or ineffective to test the merits of each of his claims before the Court may consider any of his claims on the merits.

The Sixth Circuit has addressed the question of under what circumstances is a petitioner's remedy under Section 2255 considered "inadequate or ineffective?"  *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999).  In *Charles*, the court began by emphasizing that relief under Section 2241 is not a "catch all" remedy, but is extremely limited, and available

-5-

only if the petitioner demonstrates that his Section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The court made clear that a prisoner cannot satisfy this requirement merely by demonstrating that he is time-barred from bringing a Section 2255 motion, or that he had already moved unsuccessfully for relief in a prior Section 2255 motion. *Id.* at 757. Further, habeas corpus relief is unavailable if a federal prisoner fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.; see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). The *Charles* court left for another day the determination whether a viable claim of "actual innocence" as described in *Bousley v. United States*, 523 U.S. 614, 620 (1998), would suffice to render a petitioner's remedy under Section 2255 inadequate and ineffective for purposes of the "savings clause." *Id.* at 757.

However, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit addressed the question left unanswered in *Charles*: whether the savings clause may be properly invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction, where his remedy under Section 2255 is procedurally unavailable, and hence ineffective to raise petitioner's claim under the new Supreme Court decision.

By its terms, Section 2255 permits a petitioner to bring a second or successive Section 2255 motion only (1) based upon newly-discovered evidence that casts significant doubt on Petitioner's guilt of the offense, or (2) based upon a Supreme Court decision on constitutional

law made retroactive to subsequently-filed cases.  Because a Supreme Court decision
interpreting a criminal statute does not fall within either of the aforementioned exceptions
to the general rule barring second or successive Section 2255 motions, a prisoner cannot
bring a second or successive Section 2255 motion to assert that, under a Supreme Court
decision handed down after his first Section 2255 motion, he is "actually innocent" of the
offense for which he was convicted.  *Id*. at 804-05.  Such a viable claim of "actual
innocence" arises where petitioner was convicted under a criminal statute, and thereafter the
Supreme Court issues a decision that more narrowly interprets the terms of that statute.  In
such instances, there may arise a significant risk that petitioner was convicted of conduct that
the law does not make illegal, and hence that the petitioner is "actually innocent" of the crime
for which he was convicted.  *Id*.

The Sixth Circuit held that under such circumstances, *Bousley* indicates that his
remedy under Section 2255 is inadequate or ineffective to challenge the legality of his
conviction, and therefore a petitioner may use a Section 2241 habeas corpus petition to attack
the validity of his conviction under the criminal statute as interpreted by the Supreme Court
decision handed down after his first round of post-conviction motions have been exhausted.
*Martin I*, 319 F.3d at 804;  *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004)
("Although this court has not determined the exact scope of the savings clause, it appears that
a prisoner must show an intervening change in the law that establishes his actual innocence
in order to obtain the benefit of the savings clause."); *United States v. Ryan*, 227 F.3d 1058
(8th Cir. 2000) (*Bousley* teaches that when the Supreme Court narrows the interpretation of

a criminal statute enacted by Congress, that interpretation may be applied retroactively to §2255 motions for post-conviction relief); *United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996) ("a petitioner collaterally attacking his conviction should be given the benefit of case law decided after his conviction when the conviction was for an act that the law does not make criminal," citing *Davis v. United States*, 417 U.S. 333 (1974)).

Next, the Court must evaluate each of Petitioner's claims under the analytical framework described above to determine whether Petitioner may challenge his conviction in a habeas corpus petition under Section 2241 under the narrow authorization to do so in the "savings clause" of Section 2255. Petitioner's first three claims present evidentiary and constitutional challenges and are not the kind permissible in a habeas petition presented under the savings clause. Because these claims are not based on a Supreme Court decision "[involving] statutory interpretation" and "decided after the defendant filed his first Section 2255 motion," *Martin I*, 319 F.3d at 805, they must be dismissed. *Charles*, at 180 F.3d at 757.

Petitioner first asserts that his rights under the Confrontation Clause were violated when the trial court permitted, over objection, a co-conspirator to testify about comments made to him by a third party about Petitioner's drug-dealing activities. Petitioner relies on *Crawford v. Washington*, 541 U.S. 36 (2004), in support of his position. Nonetheless, this type of claim is not a claim of "actual innocence." As the Sixth Circuit explained in *Charles*, claims that attack the trial process used to convict a petitioner as constitutionally flawed are not claims of "actual innocence," by which the courts mean a claim that the petitioner's

-8-

conduct did not violate the terms of the statute defining the offense under which the petitioner was convicted. *Charles*, 180 F.3d at 757 (claims that petitioner's guilty plea was coerced and uninformed and that counsel's assistance was ineffective are not claims of actual innocence); *see also Bousley v. United States*, 523 U.S. 614, 620 (1998) (claim by petitioner that mere presence of firearm near his person did not constitute the "use" of firearm required by statute is claim of "actual innocence," that is, a claim that "defendant stands convicted of an act that the law does not make criminal" and not merely an attack upon the legal sufficiency of his conviction). Here, Petitioner's first claim under the Confrontation Clause does not assert that he did not commit the conduct described in 18 U.S.C. §826. Because this claim does not assert that he is actually innocent of the offense charged, the savings clause of Section 2255 does not permit him to pursue this claim in a habeas corpus petition under Section 2241. *Bousley*, 523 U.S. at 620.

Similarly, the Petitioner's second and third claims are not claims of actual innocence. Val Saint asserts that there was insufficient direct evidence of his intent to participate in a conspiracy and that the federal prosecution against him was invalid as a "sham" prosecution conducted on behalf of the State of Florida. Neither of these assertions are claims that the Petitioner did not violate the elements of the offense of which he was convicted within the meaning of *Bousley* and *Charles*. Rather, they are merely claims of the "legal insufficiency" of his prosecution and are not cognizable under the "savings clause" of Section 2255. *Truss v. Davis*, 115 Fed.Appx. 772, (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated

-9-

a facially valid claim for actual innocence." *citing Bannerman v. Snyder,* 325 F.3d 722, 724 (6th Cir. 2003)); *Bousley*, 523 U.S. at 624; *Charles*, 180 F.3d at 757.

The Petitioner's final claim is that the United States only demonstrated that the amount of cocaine exceeded fifty grams by a preponderance of the evidence, and not beyond a reasonable doubt as required under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Again, this claim is not one of actual innocence and may not be asserted in this proceeding. The Sixth Circuit has held that the rule announced in *Apprendi* is not retroactive to cases on collateral review, whether by Section 2255 motion, *In re Clemmons,* 259 F.3d 489, 493 (6th Cir. 2001), or by habeas corpus petition under Section 2241, *Perkins v. Thoms,* 23 Fed.Appx. 256 (6th Cir. 2001). More fundamentally, a claim of *Apprendi*-type error is not a claim of actual innocence within the savings clause of Section 2255. *Bannerman v. Snyder,* 325 F.3d 722, 723-24 (6th Cir. 2003) (*citing United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001)). For these reasons, the Petitioner's habeas corpus petition under Section 2241 must be dismissed in its entirety, as he has failed to demonstrate that his remedy under Section 2255 is inadequate or ineffective to test the legality of his conviction.

## CONCLUSION

Having reviewed the merits of the claims asserted by the Petitioner, it is hereby

**ORDERED** as follows:

(1) Petitioner Wilner Val Saint's petition for a writ of habeas corpus is **DENIED.**

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 21st day of January, 2006.



Signed By:

_**Danny C. Reeves**_  DCR

**United States District Judge**